MANTON v. CABOT.

*Contract — for brokerage — construction of.*

Defendants agreed with plaintiff that if he would obtain a purchaser of 600 tons of railroad iron to "pay you as fast as our pay is obtained all the price you obtain for the said iron over and above $81.50 per ton." Plaintiff obtained a purchaser who agreed to pay $90 per ton — one-third cash on delivery, one-third in thirty and one-third in ninety days, for which indorsed notes were to be given. Defendants began to deliver the iron in parcels. One-third cash upon the amount of each parcel was paid on delivery of the same, and applied on each bill, but indorsed notes, on account of an arrangement between defendants and the purchaser, were not given. The second payments were made and applied on a part of the bills, but before the third payment was made on any bill the purchaser failed. Defendants in no instance received over $60 on a ton. *Held,* that the defendant not having received more than $81.50 for any ton, plaintiff was not entitled to recover on the contract.

APPEAL by plaintiff from a judgment in favor of defendant entered upon a nonsuit at the circuit.

The action was brought by Joseph P. Manton against John F. Cabot and others, constituting the firm of Cabot & Co., to recover commissions alleged to be due for the sale of iron by plaintiff for defendants. The facts fully appear in the opinion.

*John S. Washburn,* for appellant.

*Wm. W. McFarland,* for respondents.

Present — DAVIS, P. J., BRADY and DANIELS, J.J.

DAVIS, P. J. — The plaintiff brought this action upon a contract, made between himself and the defendants and contained in the following letter:

"NEW YORK, *May* 5, 1868.
"*Mr. Joseph P. Manton:*
"SIR — Provided you obtain for us a contract, for 600 tons more or less of horse railroad rail (said contract to be accepted by us), we hereby agree to pay you as fast as our pay is obtained, all the price you obtain for the said iron over and above $81.50 per gross ton.
"CABOT & Co."

The plaintiff "obtained" a contract with Devereux, Rich & Co., for 600 tons of rails more or less delivered at Hoboken at $90 per ton, "one-quarter cash, three-eighths in thirty and sixty days, interest added," with their notes and satisfactory indorsements to defendants, "each lot to be settled for as delivered, on the basis of cash and time."

No rails were delivered under this contract, because the indorsements offered were not satisfactory to defendants. An arrangement was then made by which Devereux, Rich & Co. were to pay for the rails, one-third cash, one-third in thirty days, and one-third in sixty days at same price, with same notes and indorsements, and bonds of the railroad they were building as collateral, and upon this contract, defendants proceeded to make deliveries of iron. Devereux, Rich & Co. paid on the deliveries one-third cash on each bill, and when called for notes for the balance, asked defendants to wait a few days, and they thought they would give cash for the second and third payments.

They gave cash for the second payment on several invoices, and so "kept on giving cash for the first payment, and occasionally for the second payment, along until they stopped paying altogether." The iron was delivered in lots from day to day, and a specific payment of one-third cash was made on each lot, except three, on which a check of $2,000 was given on account of first payment. The whole amount delivered was a trifle more than 524 tons, on no ton of which did defendants receive more than $60 per ton. Some bonds were received as collateral, on which defendants endeavored to raise money, but failing, returned them. They were not bonds of the company for which Devereux, Rich & Co. were building a road. Defendants failed and made an assignment. At that time there was owing to them upon the contract $22,300, which was not shown to have been paid. The assignee took a note for the amount from Devereux, Rich & Co., but before the note matured that firm also failed.

The court, on motion, nonsuited the plaintiff on the ground that under the contract nothing had become due to plaintiff from defendants.

The whole case turns, we think, upon the true construction of the contracts between the parties to the action. It was manifestly contemplated by the contract that the six hundred tons of iron would be delivered from time to time on such terms of payment as

should be fixed by the contract to be obtained. The first contract fixed those terms at one-fourth cash on delivery of each lot, and the residue in two payments at thirty and sixty days, with notes and satisfactory indorsements. The indorsements offered were not satisfactory, and defendants were not bound to proceed with the contract for that reason. The alteration made (whether with plaintiff's assent or not, is immaterial) became subject to the agreement between plaintiff and defendants, and left its terms intact. The plaintiff was still entitled to receive and defendants were bound to pay him as fast as their pay was received all the price obtained for said iron over and above $81.50 per gross ton. He was entitled to nothing until defendants should receive pay from some parcel of the whole at the specified rate they were entitled to per ton. As fast as a parcel of the iron was delivered and paid for in full, plaintiff's right to the excess beyond $81.50 per ton would become complete and he could demand and was entitled to receive it, whether defendants got pay in full or not for subsequently delivered lots, but, so long as the payments made on the several invoices delivered were only of the first and second installments of the contract with Devereux, Rich & Co., and there was no bad faith on the part of defendants in the application of the moneys paid, to such installments the plaintiff's right was still in abeyance to await the completion of the payment on each parcel, respectively, by the purchaser.

It appearing without dispute, therefore, that no amount beyond the second and first installments on any delivery had ever been paid, and that defendants on no single ton of the iron had received $81.50, but that all beyond the first and second installments remained unpaid, no right of action had accrued on the contract. The plaintiff's action was premature, for nothing was due him on the contract.

The nonsuit, we think, was properly granted, and the judgment should be affirmed.

*Judgment affirmed.*